NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| REINA GONZALEZ, : | |
| : | Civil Action No. 11-5996 (SRC) |
| Plaintiff, : | |
| : | |
| v. : | OPINION |
| : | |
| UNITED RECOVERY SYSTEMS, INC. : | |
| ET AL., : | |
| : | |
| Defendants. : | |

**CHESLER, U.S.D.J.**

This matter comes before the Court on the motion by Defendant Capital One Bank (USA) N.A. ("Defendant" or "Capital One") to dismiss the Complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff Reina Gonzalez ("Plaintiff") opposed the motion. For the reasons that follow, the Court grants the motion, dismissing the Complaint in its entirety.

BACKGROUND

This case originated with Plaintiff's filing of a Complaint relating to the collection of a consumer debt. According to the Complaint, on March 22, 2010, Plaintiff advised the original creditor, Defendant Capital One, that she was represented by counsel, that it should cease and desist from direct communications with her, and that future communications should be directed to her counsel. Defendant United Recovery Systems, Inc. ("United Recovery") took over the debt, and attempted to collect it from Plaintiff, but failed to comply with various provisions of the Fair Debt Collection Practices Act ("FDCPA"), codified at 15 U.S.C. § 1692 *et seq.* Specifically, United Recovery failed to send the statutorily required notice within five days of its

initial contact with the Plaintiff.  Moreover, although United Recovery should have known that Plaintiff was represented by counsel, in light of the letter sent to the original creditor, Defendant Capital One Bank, United Recovery "repeatedly called Plaintiff directly . . . from the beginning of January 2011 through January 20, 2011."  (Compl., ¶ 15.)  Plaintiff argues that the foregoing also constitutes invasion of privacy by United Recovery and Capital One, and breach of the covenant of good faith and fair dealing by Capital One.  Plaintiff originally filed her Complaint in the Superior Court of New Jersey, Law Division, Special Civil Part, in Hudson County, on September 2, 2011.  Defendant Capital One removed the action to the United States District Court for the District of New Jersey on October 13, 2011.  Shortly thereafter, on October 20, 2011, Capital One filed the instant motion to dismiss Plaintiff's Complaint.

## STANDARD OF REVIEW

**A.** <u>**Motion To Dismiss Under Rule 12(b)(6)**</u>

In deciding a motion to dismiss pursuant to Rule 12(b)(6), courts must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief."  *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings, Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)).  A Rule 12(b)(6) motion to dismiss should be granted only if the plaintiff is unable to articulate "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007).  "The defendant bears the burden of showing that no claim has been presented."  *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of

what the . . . claim is and the grounds upon which it rests.'" *Twombly*, 127 S. Ct. at 1964 (*quoting Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 127 S. Ct. at 1964-65 (internal citations omitted); *see also* FED. R. CIV. P. 8(a)(2). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 1965 (internal citations omitted). "The pleader is required to 'set forth sufficient information to outline the elements of his claim or to permit inferences to be drawn that these elements exist.'" *Kost v. Kozakewicz*, 1 F.3d 176, 183 (3d Cir. 1993) (quoting 5A Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* Civil 2d § 1357 at 340 (2d ed. 1990)).

While a court will accept well-pled allegations as true for the purposes of the motion, it will not credit bald assertions or legal conclusions. *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997).

In reviewing a motion to dismiss, pursuant to Rule 12(b)(6), a court may consider the allegations of the complaint, as well as documents attached to or specifically referenced in the complaint, and matters of public record. *Pittsburgh v. W. Penn Power Co.*, 147 F.3d 256, 259 (3d Cir. 1998); *see also* 5B Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure*: Civil 3d § 1357 (3d ed. 2007). "Plaintiffs cannot prevent a court from looking at the texts of the documents on which its claim is based by failing to attach or explicitly cite them." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997).

ANALYSIS

A.     **Defendant's Motion to Dismiss**

      1.  FDCPA Claim

Capital One argues that, to the extent Plaintiff raises FDCPA claims again it, same must be dismissed, since Capital One is a creditor, not a debt collector for purposes of the FDCPA. The FDCPA is remedial legislation, designed to protect consumers from "abusive, deceptive, and unfair debt collection practices." 15 U.S.C. § 1692(a).  Accordingly, it creates a private cause of action against debt collectors who fail to comply with its provisions.  15 U.S.C. § 1692k. However, the statute defines a "debt collector" to *exclude*

> any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity . . . concerns a debt obtained by such person as a secured party in a commercial credit transaction involving the creditor.

15 U.S.C. § 1692a(6)(F).  Thus, courts interpreting the FDCPA have concluded that its provisions do not generally apply to a creditor collecting its own debt.  *See, e.g., Ventura v. I.C. Sys.*, 2011 U.S. Dist. LEXIS 130205, at *5-6 (D.N.J. Nov. 9, 2011) (citing *Pollice v. Nat'l Tax Funding*, 225 F.3d 279, 402 (3d Cir. 2000) ("creditors who collect in their own name and whose principal business is not debt collection . . . are not subject to the Act . . . . [B]ecause creditors are generally assumed to restrain their abusive collection practices out of a desire to protect their corporate goodwill, their activities are not subject to the Act unless they collect under a name other than their own.") (internal quotations and citations omitted)); *Pagan v. United Recovery Sys., L.P.*, 2012 U.S. Dist. LEXIS 2130, at *5-7 (D.N.J. Jan. 6, 2012) (citing, in part, *Green v. Capital One*, 2011 U.S. Dist. LEXIS 86102, at *2 (D. Utah Aug. 3, 2011) (holding that Capital One was not subject to the FDCPA because it was a creditor collecting its own debt, not a "debt collector" for purposes of the FDCPA)). Here, Capital One is not a debt collector with respect to

Plaintiff's consumer debt, for purposes of the FDCPA, because it was the original creditor. As such, it cannot be held liable for any violations of the FDCPA, and any claims against Capital One for violations of that Act will be dismissed.[1]

    2. Breach of the Implied Covenant of Good Faith & Fair Dealing

Capital One argues that Plaintiff's claim against it for breach of the implied covenant of good faith and fair dealing must be dismissed because, although Plaintiff alleges that Capital One should have instructed United Recovery to direct its communications to Plaintiff's attorney, Plaintiff does not allege that Capital One thereby deprived Plaintiff from receiving her reasonably expected fruits under an express contract between the parties. In New Jersey, the implied covenant of good faith and fair dealing is inherent in every contract, and requires that "neither party shall do anything which would have the effect of destroying or injuring the right of the other party to receive the full fruits of the contract . . . ." *R.J. Gaydos Ins. Agency, Inc. v. Nat'l Consumer Ins. Co.*, 168 N.J. 255, 773 A.2d 1132, 1146 (N.J. 2001) (internal citations omitted). A claim for breach of the covenant also requires a showing of bad motive or intention. *Dewey v. Volkswagen AG*, 558 F. Supp. 2d 505, 531 (D.N.J. Mar. 31, 2008) (citing *Wilson v. Amerada Hess Corp.*, 168 N.J. 236, 773 A.2d 1121, 1126 (N.J. 2001)). Here, Plaintiff fails to allege any facts supporting the contention that Capital One "acted unfairly and in bad faith" when it failed to inform United Recovery that communications regarding the subject debt should be directed to Plaintiff's counsel. (Compl., ¶ 19.) Moreover, Plaintiff fails to set forth factual bases for her allegation that Capital One's conduct deprived Plaintiff of her reasonably expected fruits under

---

[1] The Complaint does not clearly direct the FDCPA allegations toward Capital One; however, because Capital One interprets these claims to be directed against it, and because the Complaint names both Capital One and United Recovery, the Court shall dismiss any FDCPA claims against Capital One, to the extent that they are raised.

an express contract; indeed, Plaintiff does not allege the existence of an express contract between the parties.  ". . .[I]f anything, any right Plaintiff may have had not to be contacted directly arose not from any contract with Capital One but from FDCPA § 1692c(a)(2)." *Pagan*, 2012 U.S. Dist. LEXIS 2130, at *10-11.  Therefore, Plaintiff fails to articulate "enough facts to state a claim to relief that is plausible on its face," with respect to her allegation that Capital One breached the implied covenant of good faith and fair dealing, and this claim will be dismissed.  *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007).

      3.  Invasion of Privacy

Capital One argues that Plaintiff fails to allege any of the four types of invasions of privacy recognized under New Jersey common law, and thus her claim should be dismissed.  Invasion of privacy "comprises four distinct kinds of invasion of four different interests of the plaintiff," including

> (1) intrusion (e.g., intrusion on plaintiff's physical solitude or seclusion, as by invading his or her home, illegally searching, eavesdropping, or prying into personal affairs); (2) public disclosure of private facts (e.g., making public private information about plaintiff); (3) placing plaintiff in a false light in the public eye . . . ; and (4) appropriation, for the defendant's benefit, of the plaintiff's name or likeness.

*Rumbauskas v. Cantor*, 138 N.J. 173, 649 A.2d 853, 856 (N.J. 1994) (internal citations omitted).  In this case, Plaintiff alleges that Capital One invaded her privacy by failing to instruct United Recovery to direct communications to Plaintiff's attorney.  (Compl., ¶ 16.)  Clearly, this allegation does not constitute a claim for public disclosure of private facts, false light, or appropriation of Plaintiff's name or likeness.  Moreover, "intrusion" in this context is defined as an "intentional intrusion, 'physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns,' that 'would be *highly offensive* to a reasonable person.'"  *G.D. v. Kenny*, 205 N.J. 275, 15 A.3d 300, 309 (N.J. 2011) (emphasis added) (internal citations omitted).

Assuming that Capital One is liable for failing to advise United Recovery that all communications should be directed to Plaintiff's attorney, the contention that subsequent communications from United Recovery constituted a "highly offensive" intrusion into Plaintiff's solitude or seclusion is, quite simply, frivolous.  *See Pagan*, 2012 U.S. Dist. LEXIS 2130, at *4-5 ("If such conduct were highly offensive [to a reasonable person], that would lead to the ridiculous result that every debtor would have a cause of action against every creditor who contacted them seeking to collect the money owed.  That Plaintiff was represented by counsel and had allegedly indicated that all communications be made directly to counsel is . . . not enough to nudge this conduct into the category of being highly offensive.").  Accordingly, the Court will dismiss Plaintiff's claim against Capital One for invasion of privacy.

## CONCLUSION

For the reasons stated above, Capital One's motion to dismiss the Complaint is granted. An appropriate form of Order will be filed together with this Opinion.

  /s Stanley R. Chesler  
STANLEY R. CHESLER  
United States District Judge

Dated: February 6, 2012